ANDREWS v GEORGETOWN (Village)

Ohio Appeals, 4th Dist, Brown Co.

Decided May 20, 1929

Bagby & Bagby, Georgetown, for Andrews.

Young & Barnes, Georgetown, for Village.

Judges LEMERT (5th Dist.) and MAUCK (4th Dist.). sitting.

MAUCK, J.

It is claimed by the village that inasmuch as the gravamen of the plaintiff's case is that the re-constructed road was too high to permit the escape of the flow of the water no cause of action arises against the village because the grade was fixed by the state highway department and the work was done by the state and the cost paid by the state. By **Section 1193-1 GC** the village is relieved of the cost of an improvement of this character but the consent of the village is required. While under **Section 1184 GC** the state highway department is given exclusive jurisdiction over the construction and maintenance of this highway such jurisdiction can be exercised only by the concurrence of the village under **Section 1193-1**. The general duty of municipal corporations over their streets is fixed by **Section 3714 GC**. That section, so far as it provides that the council shall have the supervision and control of streets, is modified by Section 1184 so far as the construction and maintenance of such streets as fall under the jurisdiction of the state highway department are concerned. The section is not, however, repealed and operates with all its vigor in every respect except as provided in **Section 1184. Section 3714** expressly provides as to streets that the municipal corporation shall

"cause them to be kept open, in repair, and free from nuisance".

While the duty of maintenance, that is of repair, upon this particular street devolves upon the state highawy department by virtue of **Section 1184** the duty of keeping the street free from nuisance continues to devolve upon the municipal corporation. That corporation in passing an ordinance giving its consent to the improvement might have required the department to have fixed such a grade for the street in question as would enable the water to flow with its former freedom. This it did not do. It can be fairly assumed that if it had attempted to do so the state would have insisted upon the village taking care of its own surface water. At all events, the village consented to the improvement and the law by virtue of **Section 3714** still imposes upon the village the duty of avoiding a nuisance in its streets. The plaintiff has made a case of nuisance and the village will be enjoined from its further maintenance.

The amount of damages suffered by the plaintiff by reason of the invasions of his property by the surface water is very vague and uncertain. No lasting damage is clearly shown. His cistern was filled with filth but is capable of being cleaned out. His floors were damaged but not destroyed. He adduces no testimony giving us any adequate idea of the amount of money that he has expended in the restoration of his property. After the first inundation he presented his bill to the council for $125. He says that that was not enough. The evidence shows that that flooding was not quite as serious as subse-

quent ones, but it does not appear how much repair he had put upon the property after the first and before the second inundation. We do not give much consideration to the testimony tending to show the value of the property before it was subjected to floods and the value since because the plaintiff advises us that such alterations in the drainage have been made that there will be no recurrence of the trouble, and we must assume that the decree of this court in injunction will be observed and that there will be no recurrence of the trouble. The rule, therefore, as to ascertaining damages by ascertaining the value before the improvement was made and the value of the property subject to the hazards of flood, and measuring the damages by the difference between these two values is not applicable to a cause of this kind. We assess the plaintiff's damage at four hundred dollars.

Lemert, J, concurs.